# STATE OF MICHIGAN

## IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT

## SOUTHERN DIVISION

**ANGELA COPELAND,**

    Plaintiff,

v                                           Case No. _____

**THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,**

    Defendant.

---

Robert A. Soltis (P31252)
Attorney for Plaintiff
FORD, KRIEKARD, SOLTIS & WISE, P.C.
8051 Moorsbridge Road
Portage, MI 49024
(269) 323-3400

---

## COMPLAINT FOR BREACH OF CONTRACT:
## EMPLOYEE LONG-TERM DISABILITY POLICY BENEFITS

NOW COMES your Plaintiff, Angela Copeland, by and through her attorneys, FORD, KRIEKARD, SOLTIS & WISE, P.C., and does hereby request relief as requested hereinafter as permitted by the Employment Retirement and Income Security Act ("ERISA"), 29 USCS, Sections 1001-1461, for the reasons set forth as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Angela Copeland is married to James Copeland, Jr., and is the mother of four children, including two who live at 64794 Winterwoods Drive, Lawton, MI 49065.

2. The Lincoln National Life Insurance Company ("Lincoln"), a subsidiary of the Lincoln Financial Group, is an Indiana Company doing business in Michigan, with its address at 1300 South Clinton Street, Fort Wayne, IN 46802-3506.

3. Lincoln provides voluntary short-term and long-term disability insurance coverage for employees of Edward Rose.

4. Manifold Services is the ERISA Plan Administrator for the Kalamazoo office of Edward Rose, which offers its employees disability insurance underwritten by Lincoln National Life Insurance Company.

5. Employee disability insurance coverage is a contract benefitting Edward Rose employees, including Ms. Copeland.

6. This Court has subject matter jurisdiction in this cause as Plaintiff's claims arise under the Employment Retirement and Income Security Act ("ERISA"), 29 USCS, Sections 1001-1461.

7. Venue is proper in this Court as Plaintiff lives in Van Buren County, Michigan, and Defendant, Lincoln National, does business within the Southern Division of the Western District of Michigan.

## FACTS

8. Your Plaintiff refers to, realleges and incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9. On March 28, 1994, Angela Copeland was hired by Manifold Services, a subsidiary of Edward Rose, as a Computer Programmer.

10. In August of 1998, she was promoted to MIS Administrator (Data Processing Manager).

11. On January 27, 1999, Angela Copeland first received accommodations for her disability including seizures, fatigue and not being able to drive. She was granted flexible hours and the ability to work at home.

12. On December 27, 2010, Angela Copeland was demoted to Computer Programmer/Analyst with hours reduced from full-time to 24 hours per week but retaining benefits as if she was working full-time.

13. In January of 2011, Angela Copeland gradually increased the number of hours she was able to work until May of 2012.

14. On May 12, 2012, Angela Copeland was able to return to full-time (40 hours per week) employment.

15. From May 12, 2012, to April 4, 2016, Angela Copeland continued to treat for her seizure disorder. She still continues to treat for her seizure disorder.

16. On April 4, 2016, due to increased fatigue and side effects from her seizure medications, Timothy J. Swartz, a rheumatologist associated with Michiana Spine, Sports & Occupational Rehab, P.C., restricted Angela Copeland to working only 10 hours per week due to Chronic Fatigue Syndrome, seizure disorder, Fibromyalgia and cognitive dysfunction.

17. On April 4, 2016, Angela Copeland filed for partial short-term disability benefits available to her through her employer's policy with Lincoln. At that time, Angela

3

Copeland's rate of pay was $52.35 per hour. Prior to her medical restrictions, Angela Copeland was earning approximately $110,000.00 per year working full-time.

18. Upon reexamination on June 3, 2016, Dr. Swartz decreased Angela Copeland's restrictions to 10-15 hours of work per week.

19. On August 29, 2016, Dr. Swartz, upon reexamination, again modified Angela Copeland's restrictions to working only 20 hours per week, but only three hours of computer work at a time and with at least three hours of rest between computer sessions.

20. As of April 4, 2016, Ms. Copeland, as her health continued to decline, continued to be unable to effectively perform the duties of her position on a full-time basis.

21. On January 18, 2017, Angela Copeland, being unable to effectively perform the duties of her position, was let go by Edward Rose & Sons.

22. As a result of her employment with Edward Rose & Sons and her voluntary enrollment in its long-term disability policy, Angela Copeland was covered under her employer-sponsored long-term disability policy with Lincoln (Exhibit 1).

23. On or about January 10, 2018, Angela Copeland applied for long-term disability benefits (Exhibit 2).

24. By letter of June 25, 2018, Lincoln denied her application for long-term disability benefits (Exhibit 3).

25. On December 18, 2018, by letter and supporting documents, Angela Copeland appealed Lincoln's denial (first appeal) (Exhibit 4).

26. On March 8, 2019, Angela Copeland supplemented her appeal of Lincoln's denial with additional medical documentation (Exhibit 5).

27. By letter of March 27, 2019, Lincoln, for the second time, denied Angela Copeland's application for long-term disability benefits (Exhibit 6).

28. By letter of August 28, 2019, Angela Copeland appealed for the second time Lincoln's denial of her application for long-term benefits, providing additional medical documentation, including ALJ Thorbjornsen's decision that Angela Copeland was entitled to Social Security Disability benefits (Exhibit 7).

29. After asking for an extension under its policy, Lincoln asked if Ms. Copeland was going to provide further documentation in support of her claim. By letter of October 7, 2019, Ms. Copeland, through her attorney, did not provide further documentation as it was already apparent that Lincoln was intending to deny her benefits again (Exhibit 8).

30. On October 18, 2019, as anticipated, Lincoln again denied Ms. Copeland's application for long-term disability benefits. The denial provided that Ms. Copeland had exhausted all administrative appeals, and that she had until December 29, 2019, to file suit (Exhibit 9).

31. Angela Copeland is entitled to long-term disability benefits in the amount of $5,444.40 per month for as long as she is eligible under the policy (Exhibit 10), minus any offset to which Lincoln may be entitled.

## **COUNT I - BREACH OF CONTRACT:**
## **ENTITLEMENT TO LONG-TERM DISABILITY BENEFITS**

32. Your Plaintiff does refer to, reallege and incorporate by reference paragraphs 1 through 31 as though fully set forth herein.

33. Lincoln's decision to deny Angela Copeland long-term disability benefits is reviewed by this Court *de novo*.

34. Defendant's denial of Angela Copeland's application for long-term disability benefits and subsequent appeals is in error and constitutes a breach of its contract to provide long-term disability benefits under its policy with Edward Rose covering Angela Copeland for the reason that Angela Copeland has provided more than sufficient medical records, doctor's reports, as well as other documentation, including an Administrative Law Judge's decision that she is entitled to Social Security Disability benefits, that she is unable to perform any job as defined in the policy and is entitled to long-term disability benefits under the policy.

**WHEREFORE**, Angela Copeland requests the following relief:

a. This Court's finding that Defendant breached its contract and its Order reversing Defendant's denial of Angela Copeland's application for long-term disability benefits under its policy and ordering Lincoln to pay past, present and future disability benefits for as long as Angela Copeland is eligible to receive them.

b. Lincoln be entitled to set off such other benefits to which Lincoln is entitled under its policy.

c. Costs, interest and actual attorney's fees incurred in the prosecution of this cause.

  d. Any and all other relief as justice and equity may require.

Dated: December __6__, 2019

              *Angela R Bruce Copeland*
              Angela Copeland
              Plaintiff

FORD, KRIEKARD, SOLTIS & WISE, P.C.

*Robert A. Soltis*
Robert A. Soltis (P31252)
Attorney for Plaintiff